# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

DAN DOLAN, a citizen of the State of
New Mexico, THE NEW MEXICANS
FOR AN ECONOMIC RECOVERY
PAC a candidate support or opposition
committee and independent expenditures
committee and THE BERNALILLO
COUNTY REPUBLICAN PARTY,

Plaintiffs,

vs.                                             Case No. 1:12-cv-00110-CA-ACT

DIANE J. DURAN, in her official capacity
as New Mexico Secretary of State.

Defendant.

## AFFIDAVIT OF BOBBI SHEARER

COMES NOW Bobbi Shearer, and first being duly sworn, states as follows:

1. My name is Bobbi Shearer.

2. I am currently the Bureau of Elections Director for the Office of the Secretary of State, for the State of New Mexico.

3. The Voter Action Act ("VAA") is codified at Section 1-19A-1, et seq. NMSA 1978, and is administered by the Secretary of State's office.

4. The VAA contains a provision where publically financed candidates may obtain matching funds. NMSA 1978, Section 1-19A-14.

5. During the 2012 Legislative Session, State Senator Peter Wirth introduced Senate Bill 12, which would have amended the matching funds provision of the VAA.

6. Both the SOS and the AGO provided analysis regarding SB 12 for the Fiscal Impact Report ("FIR") which address Senate Bill 12.

7. I prepared the agency analysis of Senate Bill 12 for the Secretary of State's office, which stated, in pertinent part, that the changes to the matching funds provision appeared to be intended to bring the Act into compliance with case law in which similar matching funds provisions in other jurisdictions had been determined to be unconstitutional."

8. At that time, I also understood the position of the Attorney General's office to be that the matching funds provision of the VAA was unconstitutional.

9. The SOS was served with Plaintiffs' Complaint on or about February 17, 2012.

10. The Secretary of State's office is represented by Assistant Attorney General Scott Fuqua, who stated to me that he intended to enter into a stipulated judgment on the Complaint based upon the position that the matching fund provision was unconstitutional.

11. Beginning on Thursday, May 24, 2012 at 10:55 a.m., I was copied, along with Assistant Attorney General Scott Fuqua, on an email from Plaintiffs' attorney Colin Hunter to United States District Court Judge's Judith Herrera's proposed text email address requesting an Emergency TRO prohibiting the enforcement of the matching funds provision of the VAA and requesting a hearing.

12. Following that email, I was copied on similar emails to Judge Black, Judge Vazquez, and Judge Brack, and it appears that the AGO was also copied on those emails.

13. On Friday, May 25, 2012, at 2:45 p.m., I was copied, and it appears that Assistant Attorney General Scott Fuqua was also copied, on the last such email to United States District Court Judge's Cynthia Armijo proposed text email address. A copy of the email is attached as Exhibit A.

14. At 4:02 p.m. on Friday, May 25, 2012, I was copied on an email from Scott Fuqua to Secretary of State Dianna Duran, which would be the subject of attorney-client privilege. Without waiving all attorney-client privilege in this matter, a portion of the email directed the Secretary of State's office to issue matching funds unless a court order was entered prohibiting the issuance of funds. That email stated in part:

> *Secretary Duran,*
>
> *Bobbi asked this office for guidance on whether your office should disburse matching funds given the pending litigation challenging the constitutionality of such disbursements. As I advised Bobbi last week, the pendency of that litigation does not change the letter or enforceability of standing New Mexico law. Those provisions are constitutional until a court determines otherwise. And though I understand the Plaintiff (Dan Dolan) is currently seeking a temporary restraining order that would prevent the disbursement of those funds, it does not appear that a court has yet signed the order. Accordingly, the Secretary of State's office is not enjoined from complying with the matching funds provision of the Voter Action Act. Given that legal landscape, there is no basis for withholding the funds and your office should provide them if requested.*

15. At 5:38 p.m. on Friday, May 25, 2012, I received another email from Scott Fuqua which would be the subject of attorney-client privilege. Without waiving all attorney-client privilege in this matter, a portion of the email also directed the Secretary of State's office to issue matching funds unless a court order was entered prohibiting the issuance of funds. That email stated in part:

> *Had the court entered an agreed injunction or TRO today, there would have been a basis for denying the matching funds request. But because it did not, we're all bound to apply the law as currently written. I will certainly let you know if the court enters an order on Tuesday enjoining the Secretary's office from disbursing funds. But until that order comes, the funds should go out.*

16. On Friday, March 25, 2012, I also received numerous emails from Mark Fleisher, requesting matching funds on behalf of candidate Karen Montoya. Based on the direction provided by the Attorney General's office, I directed the Secretary of State's finance officer,

3

Ellie Ortiz to proceed with processing of the matching funds request, to occur early on the morning of Tuesday, May 29, 2012.

17. I was not aware that the Attorney General's office did not respond to the request for an Emergency TRO or attend the hearing until I received emails from the Plaintiff's attorney and the Intervenor, Al Park on Saturday, May 26, 2012.

18. On May 25, 2012, I personally informed Mark Fleisher, as a representative of the campaign of Karen Montoya, candidate for Public Regulation Commission, District 1, that unless a Restraining Order or Injunction was issued by a Court, matching funds would be issued pursuant to the VAA on the morning of May 29, 2012, to be deposited by electronic transfer.

19. Accordingly, because no Court Order has been issued enjoining the SOS from issuing matching funds, and upon the express instructions from Assistant Attorney General Scott Fuqua, on May 29, 2012, the Office of the Secretary of State has taken the necessary steps to issue matching funds to certified candidates who have submitted requests for the same.

FURTHER AFFIANT SAYETH NAUGHT.

BOBBI SHEARER

STATE OF NEW MEXICO )
) ss.
COUNTY OF LINCOLN )

SUBSCRIBED AND SWORN TO before me this 28th day of May, 2012, by BOBBI SHEARER.

NOTARY PUBLIC

My commission expires:

7-14-12

OFFICIAL SEAL
Teresa Melendy
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires:

4