## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

Civil Action No**.** Case No. 1:12-cv-00110-DME-ACT

DAN DOLAN**,** a citizen of the State of
New Mexico, THE NEW MEXICANS
FOR AN ECONOMIC RECOVERY
PAC, a candidate support or opposition
committee and independent expenditures
committee, and THE BERNALILLO
COUNTY REPUBLICAN PARTY**,**

                Plaintiffs,

AL PARK,

                Intervenor-Plaintiff,

vs.

DIANE J. DURAN, in her official capacity
as New Mexico Secretary of State.

                Defendant,

STATE OF NEW MEXICO,
VICTOR LOPEZ, and
CYNTHIA B. HALL,

                Intervenor-Defendants.

## MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR PLAINTIFFS' ATTORNEYS' FEES AND COSTS

      Plaintiffs Dan Dolan, New Mexicans for Economic Recovery PAC and Bernalillo County

Republican Party through their attorneys, The Barnett Law Firm, P.A. (Colin L. Hunter), submit

this Motion and Memorandum in Support OF for Plaintiffs' Request for Attorneys' Fees and

Costs.

      Plaintiffs brought this action pursuant to 42 U.S.C. §§ 1983 and 1988 to vindicate their

First Amendment right to engage in political speech that was violated under color of state law.

Defendants and Defendant Intervenors vigorously contested Plaintiffs' claims, and as such, substantial legal effort, multiple hearings, and an expedited briefing schedule were required to obtain a judgment in favor of Plaintiffs and against Defendants and Defendant Intervenors.

Based upon the judgment entered in favor, Plaintiffs are the prevailing party entitled to an award of the reasonable attorneys' fees and expenses necessarily incurred in the successful prosecution of Plaintiffs' claims.  Plaintiffs request that their Motion for Attorneys' Fees be granted.  Plaintiffs are aware of the Supreme Court's admonition that a "request for attorneys' fees should not result in a second major litigation," *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  Accordingly, Plaintiffs have attempted to provide this Court all necessary information, along with the requisite factual support to allow it to determine the reasonableness of the fees requested.  See *Case v. Unified Soh. Dist.*, No. 233, 157 F.3d 1243, 125-57 (10th Cir. 1998).

## I.     ATTORNEYS' AND PARALEGAL'S FEES REQUESTED

<u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983), sets out the analysis that should guide a court's determination of an appropriate award of attorney's fees to a prevailing party under 42 U.S.C. § 1988: "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

The affidavits of Colin L. Hunter and Christopher P. Collins, filed herewith, establish that the Plaintiffs' counsel expended a total of 272 hours litigating the Plaintiffs' claims in this proceeding, broken down as follows:

**Legal Fees.**

| | |
|---|---|
| Attorney Colin L. Hunter | 262.2 hours x<br>285.00/hr =<br>$74,727.00 |
| | Gross Receipts Tax (7%) $5090.89 |
| | **SubTotal CLH**<br>**$79,817.89** |
| | |
| Attorney Christopher P. Collins | 9.8 hours x<br>195/hr=<br>$1911.00 |
| | Gross Receipts Tax (7%) $133.77 |
| | **SubTotal CLH**<br>**$2044.77** |
| | |
| Paralegal Jane A. Bennett | 6.9 hours x<br>75.00/hr =<br>$517.50 |
| | Gross Receipts Tax (7%) $36.22 |
| | **SubTotal JAB**<br>**$553.72** |

**TOTAL FEES (Including Gross Receipts Tax): $82,416.38**

In support of the above hours expended Plaintiffs submit the affidavit of Colin L. Hunter attached as Exhibit A and Affidavit of Christopher P. Collins Attached as Exhibit B. The Hunter and Collins affidavits establish that these hours, together with the indicated number of hours of time devoted to this matter by paralegals, were reasonably expended in prosecuting the Plaintiffs' claims in the context of this proceeding which was vigorously litigated, tried on an expedited basis, and presenting complex and important issues of public policy.

## II.    PLAINTIFFS' AS PREVAILING PARTY

Before any award of attorney's fees is appropriate, the district court must determine that the party seeking fees is the "prevailing party". See *Farrar v. Hobby*, 506 U.S. 103, 111-12, 121 L. Ed. 2d 494, 113 S. Ct. 566 (1992), (defining "prevailing party") for purposes of § 1988(b)). "This is a generous formulation that brings the Plaintiff only across the threshold." *Hensley v.*

*Eckhart,* 461 U.S. 424. 433, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983).  "Whether a party prevails is ultimately an exercise of judgment that is fundamentally qualitative, not quantitative", *Sinajini v. Board of Educ.,* 233 F. 3d 1236. 1241 (10th Cir. 1995).  "[P]laintiffs may be considered 'prevailing parties' for the attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit" *Hensley,* 461 U.S. at 433.

The summary judgment entered on July 25, 2012 rendered Plaintiffs the prevailing party for purposes of an award of attorneys' fees and expenses.  Accordingly, Plaintiffs are entitled to an award of reasonable attorneys' fees and expenses that were reasonably and necessarily incurred by their counsel in the successful prosecution of the case because Plaintiffs obtained the injunctive relief sought in the original petition.

"To qualify as a prevailing party [under 42 U.S.C. § 1988], a civil rights plaintiff must obtain at least some relief on the merits of his claim.  The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement."  Farrar v. Hobby, 506 U.S. 103, 111-12 (1992) (holding that a plaintiff who wins only nominal damages is a prevailing party).

The Plaintiffs are prevailing parties with the meaning of 42 U.S.C. § 1988.

## III.   REASONABLE ATTORNEY'S FEES

A prevailing party in a civil rights action is ordinarily entitled to reasonable attorney's fees under 42 U.S.C. § 2000(k), absent special circumstances, *Love v. Mayor,* 620 F. 2d 235, 236 (10th Cir. 1980) (citing *Newman v. Piggie Park Enterprises,* 390 U.S. 400 (1969), The Tenth Circuit Court of Appeals has set out in detail in *Ramos v. Lamm,* 713 F.2d 546 (10th Cir. 1983) *abrogated on other grounds, by, Pennsylvania v. Delaware Valley Citizens' Counsel for Clean*

*Air*, 483 U.S. 711 (1987), the considerations in determining what is a "reasonable" attorneys'

fees in civil rights cases.  See also, *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Blum v. Stenson,*

465 U.S. 886 (1984).  "The most useful starting point for determining the amount of a reasonable

attorney's fee reasonably expended on the litigation multiplied by a reasonable hourly rate,

*Ramos* 713 F. 2d at 552 (quoting *Hensley*, 461 U.S. at 433).  The court generally evaluates

reasonableness by "calculating the lodestar – the total number of hours reasonably expended,

multiplied by a reasonable hourly rate – then adjusting the lodestar upward or downward to

account for the particularities of the suit and its outcome."  *Phelps v. Hamilton* 120 F.3d 1126,

1131 (10th Cir. 1997) (citing *Hensley*, 461 U.S. at 433-34).

The affidavits by counsel provide the basis for calculating the hours on which attorneys'

fees should be awarded.  The Court's review of the undersigned counsel's time entries, attached

as exhibits to the undersigned firm's affidavits, demonstrates that the hours counsel spent were,

in fact, a reasonable time in which to perform the given tasks described:

> In determining what is a reasonable time in which to perform a task or to
> prosecute the litigation as a whole, the court should consider that what is
> reasonable in a particular case can depend upon factors such as the complexity of
> the case, the number of reasonable strategies pursued, and the responses
> necessitated by the maneuvering of the other side. *Ramos*, 713 F.2d at 554.

The documented time spent claimed by the undersigned counsel was reasonable and

necessary.  Local attorneys experienced in civil rights law, David A. Garcia and Dan R. Dolan,

have attested to the reasonableness of the attorney's fees of Colin L. Hunter.  See Exhibits 3 and

Colin Hunter was designated as lead counsel for the firm, although all attorneys

participated in the prosecution of Plaintiffs' claims, because without the individual experience,

skill and expertise of each attorney, Plaintiffs would have been denied effective assistance of

counsel.  The attorneys' hours were not duplicated, except to the extent that each attorney

reviewed the file in order to be familiar and competent with respect to all aspects of Plaintiffs'

case and to provide assistance and instruction when needed.  Even so, the use of multiple

attorneys is considered reasonable.  See *Ramos*, 713 F.2d at 555.  District courts have

continuously upheld the use of two attorneys during phases of litigation.  See *Thomas v.

Frederick*, 1992 WL 17273, 2 (W.D. La 1992) finding that it is reasonable to expect the

participation of more than one attorney in a complex case, especially at key events…and that

duplicate billing was justified because each attorney made distinct and significant contributions.

### IV.   MARKET RATES OF LAWYERS WITH COMPARABLE SKILL & EXPERIENCE

Plaintiffs' counsel are entitled to the reasonable hourly rates requested in their affidavits.

They are based on prevailing market rates, "what lawyers of comparable skill and experience

practicing in the area in which the litigation occurs would charge for their time, *Ramos* 713 F.2d

at 555.  Plaintiffs' counsel have established their particular experience entitling them to hourly

rates sought in their affidavits.  This Court has firsthand knowledge of the merits of counsels'

expertise, which the Court can consider in placing a value on counsel's services.  The *Hensley*

court recognized that the trial court has a "superior understanding of the litigation," 461 U.S. at

437.  This Court can also consider fee awards to Plaintiffs' counsel in other cases as probative of

the appropriate hourly rates to award in this case, as well as the affidavits of other attorneys

regarding their understanding of the applicable market rates for Plaintiffs' counsel based on their

personal knowledge of the skill and experience of those lawyers.  Plaintiffs have submitted

affidavits of local attorneys for the Court's consideration.  See Exhibits 3 and 4.

Local market rates normally charged for federal litigation by attorneys of comparable

skill and experience, established by the decisions of the New Mexico Federal District Court, as

well as the averments set out in the affidavits of other New Mexico attorneys attached hereto,

also probative of and support the rates to which Plaintiffs' counsel are entitled. *Blum v. Stenson*, 465 U.S. at 895-96 n. 11.

Congress' findings and policy behind enactment of § 1988 expressed its understanding that federal civil rights litigation was similarly complex to antitrust and securities litigation and entitled to compensation accordingly. "As originally envisioned by Congress, civil rights' attorneys were to be paid on par with commercial lawyers." *Robinson v. Alabama State Dpr. of Ed.,* 727 F. Supp. 1442, 1427 n. 14 (M.D. Ala. 1989).

> The Senate Report S. Rep. No. 94-1011, 94th Cong., 2nd Sess., *reprinted in* [1976] U.S. Code Cong. and Admin. News 5908, indicates that Congress intended that courts award, generally, the highest rate charged in the area for complex antitrust and commercial litigation: "It is intended that the amount of fees awarded under S. 2278 [42 U.S.C. § 1988] *be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases*…" S. Rp. at 6 [1976] U.S. Code Cong. and Admin. News at 5913. *Martino v. Carey*, 568 F. Supp. 848, 850 (D. Ore. 1983) (emphasis added).

Plaintiffs' request for an award of paralegal fees at $75.00 per hour is also a reasonable one and should be granted. Paralegal services are reasonably compensated at this rate, given the necessary skill, education and experience of the paralegals involved in the prosecution of this case and the level of support necessary to the firm's attorneys to properly manage the elements and activities of this complex case. See *Missouri v. Jenkins* 491 U.S. 284-289, 838 F.2d 260, affirmed. "Clearly, 'a reasonable attorney's fee,' as used in § 1988, cannot have been meant to compensate only work performed personally by members of the Bar. Rather, that term must refer to a reasonable fee for an attorney's work product, and thus must take into account the work not only of attorneys, but also the work of paralegals and the like…"

## V.   FEES RELATED TO FEE CLAIM

It is well settled that the time expended in proving and pursuing the fee claim is compensable. *Love v. Mayor*, 620 F.3d 235, 237 (10th Cir. 1980); *Ellis v. Univ. of Kan. Med.*

*Ctr.,* 1996 U.S. Dist. LEXIS 14750, 1996 WL 570187 at &5 (D. Kan. 1996); *Bratcher v. Bray-Doyle Indep. Sch. Dist.,* 8 F.3d 722, (10th Cir. 1993).  Undersigned counsel's role in this case includes the prosecution of this motion for fees and expenses to date.  Plaintiffs anticipate that counsel will have an additional time to draft the reply brief in this matter and will seek to supplement the fees requested accordingly.

### VI.    COSTS AND OUT OF POCKET EXPENSES

Plaintiffs seek reimbursement for the $350.00 filling fee (Receipt Number 1084-2376509) that was paid via Pay.gov by the undersigned's law firm.  Under Section 1988, Plaintiffs Are Entitled to Recover Their Attorneys' Out of Pocket Costs.  "The authority granted in section 1988 to award a 'reasonable attorney's fee included the authority to award those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee paying client, in the course of providing legal services."  Northcross v. Board of Education, 611 F.2d 624, 639 (6th Cir. 1979).  "[Out-of-pocket costs] are generally recoverable under section 1988 when it is the custom of attorneys in the local community to bill their clients separately for them...."  Abrams v. Lightolier, Inc., 50 F.3d 1204, 1225 (3rd Cir. 1995).  Accord, Agster v. Maricopa County, 486 F. Supp. 2d 1005, 1017 (D. Ariz. 2007); Doe ex rel. Doe v. Keala, 361 F. Supp. 2d 1171, 1189 (D. Haw. 2005); Homans v. City of Albuquerque, 264 F. Supp. 2d 972, 977 (D.N.M. 2003).  Thus, Section 1988 authorizes recovery of costs beyond what is authorized under ordinary federal and state cost award rules.  Baker v. John Morrell & Co., 263 F. Supp. 2d 1161, 1203 (N.D. Iowa 2003); Ruff v. County of Kings, 700 F. Supp. 2d 1225, 1244 (E.D. Cal. 2010).  Under this construction of Section 1988, this case law authorizes recovery of, among other typically billed costs, copying costs, long distance phone charges, postage, mileage and other travel expenses, computerized legal research charges.  See also Erickson v. City of Topeka,

239 F. Supp. 2d 1202, 1212 (D. Kan. 2002); <u>Johnson v. Morthan</u>, 950 F. Supp. 1117, 1127, 1127 n. 11 (N.D. 1996).[1]

### VII.   CONCLUSION

Plaintiffs' request for attorneys' fees, plus applicable New Mexico gross receipts tax, as the prevailing party in this action is reasonable and well supported.

**WHEREFORE**, Plaintiffs request an award of $82,416.38 (Including Gross Receipts Tax) for their attorney's fees and $350.00 in reimbursement for their filling fee for a total award of $82,766.38.

Respectfully submitted,

THE BARNETT LAW FIRM, P.A.
*/s/Colin L. Hunter*
1905 Wyoming Blvd. NE
Albuquerque, New Mexico   87112
(505) 275-3200
colin@theblf.com

**I HEREBY CERTIFY** that on the 8th day of August, 2012, a true and correct copy of the foregoing was transmitted via CM/ECF filing to all counsel entitled to notice.

*/s/Colin L. Hunter*

---

[1] Under this construction of Section 1988, courts also authorize recovery of fees for paralegal time, attorney travel time, and attorney time spent preparing fee applications.  <u>See, e.g.</u>, <u>Missouri v. Jenkins</u>, 491 U.S. 274, 288 (1988) ("Where ... the prevailing practice is to bill paralegal work at market rates, treating civil rights lawyers' fee requests in the same way is not only permitted by § 1988, but also makes economic sense." ); <u>Abrams</u>, 50 F.3d at 1225; <u>Welch v. Board of Directors</u>, 904 F. Supp. 438, 441 (W.D. Pa. 1995) (paralegal fees); <u>Erickson</u>, 239 F. Supp. 2d at 1212 (travel time); <u>Johnson</u>, 950 F. Supp. at 1127 (same); <u>Finkelstein</u>,804 F. Supp. at 1258 (same); <u>Doe ex rel. Doe</u>, 361 F. Supp. 2d at 1189 (fee request preparation time).