IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Civil Action No. 12-cv-00110-DME-ACT

DAN DOLAN, a citizen of the State of New Mexico,
NEW MEXICANS FOR AN ECONOMIC RECOVERY PAC,
a candidate support or opposition committee and independent expenditures committee,
BERNALILLO COUNTY REPUBLICAN PARTY,

       Plaintiffs,

AL PARK,

       Intervenor – Plaintiff,

v.

DIANNA J. DURAN, in her official capacity as New Mexico Secretary of State,

       Defendant,

STATE OF NEW MEXICO,
VICTOR S. LOPEZ, and
CYNTHIA B. HALL,

       Intervenors – Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS AND DENYING INTERVENOR-PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

This matter comes before the Court on Plaintiffs' Motion for Plaintiffs' Attorneys' Fees and Costs (Doc. 51) and Intervenor-Plaintiff Al Park's Motion for Attorney's Fees (Doc. 52). Upon consideration thereof, the Court GRANTS Plaintiffs' motion, and DENIES Intervenor-Plaintiff's motion.

**I. Plaintiffs' Motion for Plaintiffs' Attorneys' Fees and Costs (Doc. 51)**

Plaintiffs Dan Dolan, New Mexicans for Economic Recovery PAC, and the Bernalillo County Republican Party have filed a motion for attorneys' fees and costs, made pursuant to 42 U.S.C. § 1988(b). Neither Defendant nor any Intervenor-Defendant has responded to that motion.[1]

Section 1988(b) gives this court discretion to award "a reasonable attorney's fee" to the "prevailing party" in an action such as this one, brought under 42 U.S.C. § 1983. And, in fact, a prevailing party "'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" Lefemine v. Wideman, --- S. Ct. ---, 2012 WL 5381602, at *2 (U.S. Nov. 5, 2012) (No. 12-168) (per curiam) (quoting Hensley v. Eckerhart, 461 U.S. 424, 429 (1983)). A prevailing party includes a party who, like these Plaintiffs, obtains injunctive and declaratory relief. Id. at *1. Because there are no special circumstances that would render a fee award unjust in this

---

[1] Plaintiffs do not specify against whom they seek an award of fees and costs. But generally "§ 1988 fee awards should be made against losing intervenors only where the intervenors' action was frivolous, unreasonable, or without foundation." Costco Wholesale Corp. v. Hone, 538 F.3d 1128, 1133 (9th Cir. 2008) (internal quotation marks, alteration omitted; citing Indep. Fed'n of Flight Attendants v. Zipes, 491 U.S. 754, 761 (1989) (addressing when fee award, made under 42 U.S.C. § 2000e-5(k), can be entered against an intervenor-defendant)). Because Plaintiffs' fee motion at issue here does not allege that the actions of Intervenor-Defendants in this case were frivolous, unreasonable or without foundation, or that Intervenor-Defendants should otherwise be liable for any § 1988 fee and cost award entered in this case, the Court will treat Plaintiffs' fee motion as asserted only against Defendant Dianna J. Duran, New Mexico Secretary of State sued in her official capacity. See Kentucky v. Graham, 473 U.S. 159, 170-71 (1985) (noting that "when a State in a § 1983 action has been prevailed against for relief on the merits, either because the State was the proper party defendant or because state officials properly were sued in their official capacity, fees may also be available from the State under § 1988," citing Hutto v. Finney, 437 U.S. 678 (1978)).

case, the Court GRANTS Plaintiffs' motion for an award of attorney's fees and costs. Further, after considering the documentation Plaintiffs submitted in support of their fee and cost request, the Court deems that request reasonable and awards Plaintiffs attorney's fees in the amount of $82,416.38 and $350 in costs, as requested.

**II.  Intervenor-Plaintiff Al Park's Motion for an Award of Attorney's Fees (Doc. 52)**

Intervenor-Plaintiff Al Park, a licensed attorney who represented himself in these proceedings, has also moved under 42 U.S.C. § 1988(b) for an award of attorney's fees. (Doc. 52.)  Neither Defendant Duran nor any Intervenor-Defendant has responded to that motion.  Generally, an intervenor who is a prevailing party can recover reasonable attorney's fees under 42 U.S.C. § 1988(b).  See Shaw v. Hunt, 154 F.3d 161, 164-65 (4th Cir. 1998) (recognizing plaintiff-intervenor could recover attorney's fees under § 1988); see also King v. Ill. State Bd. of Elections, 410 F.3d 404, 412-13, 423 (7th Cir. 2005) (noting defendant-intervenor could recover attorney's fees under 42 U.S.C. § 1988).  But a prevailing party who, like Park, is a licensed attorney representing himself in § 1983 litigation cannot recover fees under § 1988(b).  See Kay v. Ehrler, 499 U.S. 432, 437 (1991).  Noting that one of the purposes underlying Congress's enactment of § 1988(b) was "the interest in obtaining independent counsel for victims of civil rights violations," Kay concluded that

> [a] rule that authorizes awards of counsel fees to pro se litigants—even if limited to those who are members of the bar—would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf.  The statutory policy of furthering successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case.

3

Id. at 438; see also Rickley v. Cnty. of Los Angeles, 654 F.3d 950, 953-54 (9th Cir. 2011) (describing Kay's holding as a per se rule).  The Court, therefore, DENIES Intervenor-Plaintiff Park's motion for attorney's fees.

    IT IS, THEREFORE, ORDERED AS FOLLOWS:

    The Court GRANTS Plaintiffs' Motion for Plaintiff's Attorneys' Fees and Costs (Doc. 51), and awards Plaintiffs $82,416.38 in attorney's fees and $350 in costs.

    The Court DENIES Plaintiff-Intervenor Al Park's Motion for Attorney's Fees (Doc. 52).

    Dated this   19th   day of    November   , 2012.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE